972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugh James YELLOWSHIRT, Defendant-Appellant.
 No. 91-10383.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hugh James Yellowshirt appeals his conviction, following a guilty plea, for aggravated sexual abuse of a child under the age of twelve in violation of 18 U.S.C. §§ 1153 and 2241(c). Pursuant to Anders v. California, 386 U.S. 738 (1967), Yellowshirt's counsel filed a brief which identified two possible issues for review: (1) whether the district court erred by allegedly failing to determine if the plea was knowing and voluntary; and (2) whether Yellowshirt was denied effective assistance of counsel during his plea hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we grant counsel's request to withdraw and affirm the district court judgment.
 
 
 3
 Yellowshirt contends for the first time on appeal that he should be allowed to withdraw his guilty plea. He argues that his plea was not knowing and voluntary because of his inability to communicate in English. We decline to address this contention because Yellowshirt never moved to withdraw his guilty plea in district court.
 
 
 4
 " 'As a general rule, an issue not presented to the trial court cannot be raised for the first time on appeal.' " United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991) (quoting United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984)). Accordingly, Yellowshirt is precluded from raising this issue on appeal.
 
 
 5
 Because we hold that Yellowshirt is precluded from withdrawing his guilty plea, he has waived his right to raise an ineffective assistance of counsel claim as part of his negotiated plea agreement.[1] See United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990) (defendant waived his constitutional rights as part of the plea agreement), cert. denied, 112 S.Ct. 1488 (1992). Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. We grant counsel's request to withdraw.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea agreement stated in relevant part:
 Defendant hereby waives any right to raise and/or appeal any and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement.
 ....
 I am satisfied that my defense attorney has represented me in a competent manner.
 (CR at 40).